1  David V. Roth (State Bar No. 194648)
     *david.roth@manningkass.com*
2  Riane Briones (State Bar No. 340893)
     *Riane.Briones@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  One California St., Ste 900
   San Francisco, California 94111
5  Telephone: (415) 217-6990
   Facsimile: (415) 217-6999
6

7  Attorneys for Defendant, SUNBELT RENTALS,
   INC.

8                **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  RHAYNA ROSE JONES; JACOBY JONES,          Case No. 3:22-cv-05954-AMO
    JR., by and through his Guardian Ad Litem,
12  JERMINE GENOCHIO; RYAN JONES, by          **NOTICE OF MOTION AND MOTION OF**
    and through his Guardian Ad Litem,        **DEFENDANT/CROSS-DEFENDANT**
13  LARHONDA REDDIC; and JADE JONES,          **SUNBELT RENTALS, INC. FOR**
    by and through her Guardian Ad Litem,     **SUMMARY JUDGMENT**
14  JAZALEN DAUMAS; as heirs of JACOBY
    JONES, Deceased,                          *Filed concurrently with Memorandum of*
15                                            *Points and Authorities, Declaration of Riane*
                   Plaintiffs,                *Briones, Separate Statement of Undisputed*
16                                            *Material Facts, Index of Exhibits, and*
            v.                                *Proposed Order*
17
    SUNBELT RENTALS, INC.; JOHN DOE;          **Hearing Date:   June 20, 2024**
18  DC SOLAR INC.; and DOES 1-100,            **Time:           2:00 p.m.**
    Inclusive,                                **Courtroom:      10**
19
                   Defendants.                Judge:    Araceli Martínez-Olguín
20

21  **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

22          **PLEASE TAKE NOTICE THAT** on **June 20, 2024**, at 2:00 p.m., or as soon thereafter as

23  counsel may be heard, in the courtroom of the Honorable Araceli Martínez-Olguín, located in the

24  San Francisco Courthouse, Courtroom 10 — 19th Floor, 450 Golden Gate Avenue, San Francisco,

25  CA 94102, Defendant Sunbelt Rentals, Inc. ("Defendant Sunbelt") will and hereby does move this

26  Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 and this Court's

27  Local Rule 260.Specifically, on the ground that there are no triable issues of material fact, and

28  Sunbelt Rentals, Inc. is entitled to judgment as a matter of law.

MANNING | KASS

1    This Motion is based on this Notice of Motion, the Memorandum of Points and

2    Authorities, Declarations, and Index of Exhibits filed concurrently herewith, all of the pleadings,

3    files, and records in this proceeding, all other matters of which the Court may take judicial notice,

4    and any argument or evidence that may be presented to or considered by the Court prior to its

5    ruling.

6

7    DATED:  May 7, 2024                    **MANNING & KASS**

8                                          **ELLROD, RAMIREZ, TRESTER LLP**

9

10                                   By: _____

11                                        David V. Roth

                                          Riane Briones

12                                        Attorneys for Defendant, SUNBELT RENTALS,
                                          INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

1

# TABLE OF CONTENTS

**Page**

2

3   I.      INTRODUCTION ................................................................................................1

4   II.     STATEMENT OF MATERIAL FACTS ............................................................1

5   III.    PROCEDURAL HISTORY ................................................................................3

6   IV.     SUMMARY JUDGMENT STANDARD ...........................................................3

7   V.      LEGAL ARGUMENT .......................................................................................4

8           A.      LEGAL AUTHORITY ...........................................................................4

9           B.      PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFFS
                    CANNOT PROVE THAT DEFENDANT SUNBELT HAD ANY DUTY

10                  TO DECEDENT ....................................................................................4

11          C.      PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFFS ARE
                    UNABLE TO PROVE CAUSATION TO DECEDENT DUE TO ANY

12                  CONDUCT BY SUNBELT RENTALS, INC. ........................................6

13          D.      ALTERNATIVELY, IF LIABILITY IS FOUND ON PART OF SUNBELT
                    RENTALS, INC. DAMAGES ARE LIMITED TO $15,000.00 ..........................11

14

15  VI.     CONCLUSION ................................................................................................12

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

MANNING | KASS

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

**FEDERAL CASES**

5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)............................................................. 3

6

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) ......................................................... 4

7

*Hansen v. Black*, 885 F.2d 642, 644 (9th Cir. 1989).......................................................... 3

8

*Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 576 (1986).............................. 3

9

*Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990)................................ 3

10

*Steinle v. United States* (2021) 17 F.4th 819 .................................................... 4, 9, 10, 11

11

12

**STATE CASES**

13

*Akins v. County of Sonoma* 67 Cal.2d 185 (1967) .................................................... 7

14

*Ash. v. North American Title Co* 223 Cal.App.4th 1258, 1277 (2014) ................................ 7

15

*Avis Rent a Car System, Inc. v. Superior Court*, 12 Cal. App. 4th 221.................................. 5, 6

16

*Campodonico v. State Auto Parks* 10 Cal.App.3d 803 (1970)....................................... 8

17

*Carrera v. Maurice J. Sopp & Son (2007),* 177 Cal. App. 4th 36 ................................... 5

18

*Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675 .................................................................................................. 4, 5

19

*Jefferson v. Qwik Corner Market, Inc.* (1994) 28 Cal.App.4th 990................................ 12

20

*Kesner v. Superior Court*, 1 Cal.5th 1132 (2016) .................................................... 8

21

*Ky. Fried Chicken of Cal. v. Superior Court* (1997) 14 Cal.4th 814 .......................... 4

22

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913.............................................. 4

23

*Mayes v. Bryan* (2006) 139 Cal.App.4th 1075 ...................................................... 7

24

*Modisette v. Apple Inc.* (2018) 30 Cal.App.5th 136................................................ 7

25

*Osborn v. Irwin Memorial Blood Bank* (1992) 5 Cal.App.4th 234.......................... 12

26

*PPG Indus., Inc. v. Transamerica Ins. Co.*, (1999) 20 Cal. 4th 310 .......................... 12

27

*Shih v. Starbucks Corp.* (2020), 53 Cal. App 5th 1063 ...................................... 10, 11

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

MANNING | KASS

1   *State Dep't of State Hosps. v. Super. Ct.* (2015), 61 Cal. 4th 339 ........................................ 4

2   *Thing v. La Chusa* (1989) 48 Cal.3d 644 ............................................................. 12

3   *Wawanesa Mut. Ins. Co. v. Matlock* (1997), 60 Cal. App. 4th 583 ......................... 10, 11

4

5   **FEDERAL STATUTES**

6   Fed. R. Civ. P. 56(a) ................................................................................................ 3

7

8   **STATE STATUTES**

9   California Vehicle Code §17151(a) ...................................................................... 11

10

**MK** MANNING | KASS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This case arises from an incident on or about September 5, 2020, where decedent Jacoby Jones collided with a stolen and subsequently abandoned dump truck on US-101 S in San Francisco. The dump truck, owned by Defendant and moving party Sunbelt Rentals, Inc. ("Defendant Sunbelt"), was rented for use by Defendant DC Solar, Inc. ("DC Solar"). The truck was stolen from a DC Solar, Inc. job site by an unidentified perpetrator, driven through the city of San Francisco, before eventually being left abandoned on the freeway. Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Francisco, which was then removed to this Court. Plaintiff alleges several causes of action, including: (1) Negligence – Wrongful Death, and (2) Negligence – Survival Action. App'x at SUN62.

As discussed further below, Plaintiff's cause of action fails given that Defendant Sunbelt had neither involvement nor any contribution to decedent's death given that it merely rented the truck to DC Solar. Defendant Sunbelt had no control, possession, or vicarious responsibility over the truck, nor control over DC Solar's use or activity over the truck to be held liable in any way for the incident. As such, summary judgement is properly entered in favor of Defendant Sunbelt.

### II.      STATEMENT OF MATERIAL FACTS

DC Solar rented a freightliner dump truck from Defendant Sunbelt for use at a job site located at 2171 Junipero Serra Blvd. in Daly City, California for a period beginning on September 1, 2020. The dump truck was sourced from the Defendant Sunbelt's location in San Jose. App'x at SUN18:25-SUN19:15;  SUN55; SUN03.

DC Solar was in turn hired by RBI Solar to erect solar modules at the job site located at 2171 Junipero Serra Blvd. App'x at SUN20:7-10.

When employees for DC Solar arrived at the job site on or about September 1, 2020, the subject dump truck was already on site. App'x at SUN23:20-22.

On September 2, 2020, DC Solar requested pick up of the freightliner dump truck as they no longer needed it.  App'x at 38:12-16.

Defendant Sunbelt has a policy where it aims to make pickups 72-hours from the time a

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

1  pick up is requested, excluding weekends and holidays. App'x at SUN05:25-SUN07:15;

2  SUN07:23-SUN08:2; SUN14:15-19; SUN15:1-2.

3      Defendant Sunbelt's San Jose location did not have hours of operation on the weekends or

4  holidays. As such, the next available date for pickup was the following Tuesday, September 8.

5  App'x at SUN10:18-21; SUN57.

6      Defendant Sunbelt has a policy stating that until a piece of rented equipment is back in its

7  possession, the customer remains responsible for that rented equipment. App'x at SUN14:3-7;

8  SUN57.

9      On September 5, 2020, the dump truck was reported by Michelle Chan to California

10 Highway Patrol to be blocking the Number 1 lane on US-101 Northbound to I-280 around 11:30

11 PM with its lights off. App'x at SUN50:9-SUN53:6; SUN27:18-25.

12     Decedent Jacoby Jones, Jr. (Decedent) was driving his motorcycle in the Number 1 lane

13 when he collided with the rear of the subject dump truck in the Number 1 lane. Though an

14 individual was witnessed on the scene of the incident following this accident prior to police

15 arriving by Axel Andino, the driver of the dump truck could not be identified following CHP's

16 investigation into the identity of the driver of the dump truck. App'x at SUN26:11-13, SUN28:1-

17 15, SUN32:7-11; App'x at SUN36:10-SUN41:2, SUN41:24-SUN46:3, SUN47:7-10 .

18     On September 5, 2020, the dump truck was involved in a second and a separate third

19 collision, following the collision with the decedent. App'x at SUN30:5-24, 22:25; SUN35:14-22.

20     On September 8, 2020, Defendant Sunbelt was dispatched to the Daly City job site where

21 it was informed that the dump truck was not there. App'x at SUN09:9-15, SUN11:20-24.

22     Defendant Sunbelt  was contacted and informed that the subject dump truck was at a tow

23 yard and requested for the truck to be picked up. App'x at SUN12:20-SUN13:5.

24     Following the drop-off of the equipment, Defendant Sunbelt was not present at the job site.

25 App'x at SUN59 ¶ 2.**.

26     Defendant Sunbelt was not responsible for work on the job site, did not do any work at the

27 job site, and was not contracted to do work at the job site. App'x at SUN59 ¶ 5.

28     Defendant Sunbelt was not responsible for security at the job site and did not provide

1    security at the job site. App'x at SUN59  ¶ 6 and 7.

2            Defendant Sunbelt does not own the job site premises. App'x at SUN59 ¶ 3.

3            No employee, agent,  or individual otherwise controlled by Defendant Sunbelt was present

4    at the subject incident involving the decedent on September 5, 2020, on US-101 to I-280. App'x at

5    SUN59 ¶ 8.

6    **III.     PROCEDURAL HISTORY**

7            Plaintiff filed a Complaint against Defendant Sunbelt in the Superior Court of California

8    for the County of San Francisco on July 21, 2021, alleging a cause of action for: (1) Negligence –

9    Wrongful Death, and (2) Negligence – Survival Action. Defendant Sunbelt removed the action to

10   this Court on October 11, 2022, on the basis of diversity.

11   **IV.     SUMMARY JUDGMENT STANDARD**

12           A party may obtain summary judgment "if the movant shows that there is no genuine

13   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

14   Civ. P. 56(a). The party moving for summary judgment "bears the initial responsibility of

15   informing the district court of the basis for its motion, and identifying those portions of 'the

16   pleadings, depositions, answers to interrogatories, and admissions on file, together with the

17   affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

18   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has established the

19   absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth

20   specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477

21   U.S. 242, 248 (1986).

22           In opposing a motion for summary judgment, it is insufficient merely to show that there is

23   "some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio

24   Corp.*, 475 U.S. 574, 576 (1986). The nonmoving party must show the existence of a genuine

25   issue and "produce at least some 'significant probative evidence tending to support the

26   complaint.' " *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990) (citations

27   omitted). The nonmoving party cannot merely rest upon the allegations and the pleadings. *Hansen

28   v. Black*, 885 F.2d 642, 644 (9th Cir. 1989).

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

1    **V.**      **LEGAL ARGUMENT**

2         **A.**      **LEGAL AUTHORITY**

3         Per the *Erie* doctrine, a federal court is required to apply state substantive law in diversity

4    cases, such as the matter at hand. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). As such,

5    California substantive law will apply here as set forth below.

6         "'The elements of a cause of action for negligence are well established. They are '(a) a

7    legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or

8    legal cause of the resulting injury.'"" *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.

9         "[T]he existence of a duty is a question of law for the court." *Ky. Fried Chicken of Cal. v.*

10   *Superior Court* (1997) 14 Cal.4th 814, 819.

11        "A defendant does not owe a legal duty to protect against third party conduct, unless there

12   exists a special relationship between the defendant and the plaintiff. In that circumstance, '[i]n

13   addition to the special relationship . . . , there must also be evidence showing facts from which the

14   trier of fact could reasonably infer that the [defendant] had prior actual knowledge, and thus must

15   have known, of the offender's assaultive propensities…In short, the third party's misconduct must

16   be foreseeable to the defendant." *Doe v. Los Angeles County Dept. of Children & Family Services*

17   (2019) 37 Cal.App.5th 675, 682-683.

18        "Although causation often presents a question of fact for the jury, 'where the facts are such

19   that the only reasonable conclusion is an absence of causation, the question is one of law, not of

20   fact.'" *State Dep't of State Hosps. v. Super. Ct.* (2015), 61 Cal.4th 339, 353 (internal quotation

21   marks omitted). "Because the factual causes of an event may be traced far into the past, the law

22   imposes additional limitations on liability. Those additional limitations relate not only to the

23   degree of connection between the conduct and the injury, but also to public policy." *Steinle v.*

24   *United States* (2021) 17 F.4th 819, 822 citing *State Dep't Hosps.* at 353.

25        **B.**      **PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFFS  CANNOT**

26             **PROVE THAT DEFENDANT SUNBELT HAD ANY DUTY TO DECEDENT**

27        In the present case, the decedent collided with a dump truck owned by Defendant Sunbelt .

28   As noted above, though the subject truck was owned by Defendant Sunbelt , it was rented to DC

4

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

MK MANNING | KASS

1  Solar and had no association with the decedent given that aside from the presence of its truck in

2  the lane, no employee or individual otherwise controlled by, or an agent of, Defendant Sunbelt

3  was involved in the incident with Decedent. As such, no "special relationship" consistent with the

4  court's ruling in *Doe*, 37 Cal.App.5th 675, was established between the decedent and Defendant

5  Sunbelt. Defendant Sunbelt had no interaction at all with Decedent, let alone one that would

6  constitute a special relationship.

7          Even if such a special relationship could be somehow contemplated, there is no evidence to

8  demonstrate that Defendant Sunbelt had "prior actual knowledge of the offender's assaultive

9  properties" pursuant to *Doe*. Indeed, where the perpetrator's identity is unknown to all witnesses

10 and even the officers who investigated the incident, there is no evidence that Defendant Sunbelt

11 had even the faintest indication that an unidentified third party would take the dump truck from the

12 job site and leave it in the Number 1 lane of the US-101 freeway.

13         Though the other parties may rely on *Carrera v. Maurice J. Sopp & Son,* 177 Cal.App.4th

14 36 (2007) to establish such a duty on part of Sunbelt Rentals, Inc., the facts in this case are starkly

15 different from those in *Carrera*.  In *Carrera,* a duty could exist if special circumstances were

16 shown, such as a sizable vehicle left unattended and available for use by persons unfamiliar with

17 its operation. *Id.* The present case is distinguished by the fact that the dump truck in question,

18 while owned by Defendant Sunbelt, was not in its possession, custody or control at the time of the

19 incident. Additionally, the premises in which the truck was kept were not owned by Defendant

20 Sunbelt, nor was Defendant Sunbelt responsible for securing that premises or job site, nor was it

21 even present at the site in any capacity for the purposes of the job. In fact, Defendant Sunbelt was

22 not aware that the truck was stolen from the site until it returned the following Tuesday, the next

23 business day of operation. In *Carrera*, in contrast, the defendant owned, possessed, and controlled

24 the tow truck in question. Furthermore, the tow truck in *Carrera* was stolen from a truck service

25 center owned by the defendant, who was responsible for securing those premises. That is not the

26 case here, especially considering that Defendant Sunbelt rented that truck to another party, DC

27 Solar, who was still in possession of the subject vehicle at the time of the incident.

28         Additionally, in *Avis Rent a Car System, Inc. v. Superior Court*, 12 Cal.App.4th 221 (1993)

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

1  the California Court of Appeal held that the gap in time and space between a theft and the accident

2  would be sufficient to nullify any duty. In *Avis* the plaintiffs brought a claim against Avis Rent a

3  Car, alleging that it owed a duty to them to secure a vehicle that was stolen from an Avis lot and

4  collided with the plaintiffs in a high-speed police chase after the suspects were being pursued for

5  shoplifting. The Court of Appeal in *Avis* held:

> Even if we were somehow to find the circumstances "special," we would not extend the duty
> to this accident. The duty, if it existed, would not be perpetual and unlimited in scope. We
> conclude, as a matter of law, that it would not extend to this accident: (1) in another county
> (2) one week later (3) during a police chase not caused by a report of the vehicle theft.

9  12 Cal.App.4th 221, 233.

10  The above excerpt provides significant guidance in this case. Similar logic applies here

11  even more narrowly: aside from the fact that the stolen dump truck was used, there is no evidence

12  that Decedent's collision and subsequent fatality were connected to Defendant Sunbelt at all, aside

13  from the fact that the truck was owned by Defendant Sunbelt and dropped off at the Daly City job

14  site to be used by DC Solar. As in *Avis*, Defendant Sunbelt's duty (if any) would not extend to the

15  subject fatality of Decedent, given that the job site was located in Daly City (San Mateo County),

16  a different county from where the accident occurred, and was in part caused by a theft that was not

17  Defendant Sunbelt's responsibility to prevent.

18  Here, there was no recognized or foreseeable liability on part of Defendant for any third-

19  party criminal conduct. Defendant Sunbelt had no way to foresee that the dump truck was going to

20  be stolen from the job site after it was dropped off, only to be involved in a fatal collision several

21  days later.

22  **C.    PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFFS ARE**
23  **UNABLE TO PROVE CAUSATION TO DECEDENT DUE TO ANY**
24  **CONDUCT BY SUNBELT RENTALS, INC.**

25  Alternatively, in the event that the lack of duty is insufficient to grant Defendant Sunbelt's

26  motion, there is no evidence demonstrating causation. Specifically, there is no causation with

27  regard to any conduct by Defendant Sunbelt and Decedent's fatality. Plaintiff will not be able to

28  prove that but for any conduct on behalf of Defendant Sunbelt, the truck would not have been

1   stolen and ultimately driven on and abandoned on the freeway, which would have then resulted in

2   the death of the decedent. Furthermore, he temporal gap between when Defendant Sunbelt

3   dropped off the dump truck at the job site and when it was ultimately stolen, then abandoned on

4   the freeway, is too large to constitute any causation on part of Defendant Sunbelt.

5        "'The first element of legal cause is cause in fact . . . . The 'but for' rule has traditionally

6   been applied to determine cause in fact. The Restatement formula uses the term substantial factor

7   'to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead

8   reasonable men to regard it as a cause.'"" *Mayes v. Bryan* (2006) 139 Cal.App.4th 1075, 1095,

9   internal citations omitted.

10       "'Ordinarily, proximate cause is a question of fact which cannot be decided as a matter of

11  law from the allegations of a complaint. . . . Nevertheless, where the facts are such that the only

12  reasonable conclusion is an absence of causation, the question is one of law, not of fact.'"

13  *Modisette v. Apple Inc*. (2018) 30 Cal.App.5th 136, 152.

14       With regard to finding causation when a third party intervenes between a defendant's

15  alleged conduct and the plaintiff's harm, courts have held that where there are instances of such

16  interceding and supervening causes, that defendant is not liable, particularly where the plaintiff's

17  harm was not foreseeable on part of any such conduct by that defendant. The court in *Ash. v.*

18  *North American Title Co* 223 Cal.App.4th 1258, 1277 (2014) held: "Whether an intervening force

19  is superseding or not generally presents a question of fact, but becomes a matter of law where only

20  one reasonable conclusion may be reached."

21       The court in *Akins v. County of Sonoma* 67 Cal.2d 185 (1967) then determined:

22  This issue is concerned with whether or not, assuming that a defendant was negligent and
    that his negligence was an actual cause of the plaintiff's injury, the defendant should be
23  held responsible for the plaintiff's injury where the injury was brought about by a later
    cause of independent origin. *This question, in turn, revolves around a determination of*
24  *whether the later cause of independent origin, commonly referred to as an intervening*
    *cause, was foreseeable by the defendant* or, if not foreseeable, whether it caused injury of
25  a type which was foreseeable. If either of these questions is answered in the affirmative, then
    the defendant is not relieved from liability towards the plaintiff; if, *however, it is*
26  *determined that the intervening cause was not foreseeable and that the results which it*
    *caused were not foreseeable, then the intervening cause becomes a supervening cause and*
27  *the defendant is relieved from liability for the plaintiff's injuries.*

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS,
INC. FOR SUMMARY JUDGMENT**

MANNING | KASS

1    *Id.* at 199 (emphasis added).

2         Then, in *Kesner v. Superior Court*, 1 Cal.5th 1132 (2016):

3         It is well established . . . that one's general duty to exercise due care includes the duty
         not to place another person in a situation in which the other person is exposed to an
4         unreasonable risk of harm through the reasonably foreseeable conduct (including the
         reasonably foreseeable negligent conduct) of a third person.' In determining whether one
5         has a duty to prevent injury that is the result of third party conduct, the touchstone of the
6         analysis is the foreseeability of that intervening conduct.

7    *Id. at* 1148.

8         *Campodonico v. State Auto Parks* 10 Cal.App.3d 803 (1970) further elaborated as to what

9    constitutes as superseding cause when the court when it stated:

10        The potential for error in the [instruction] lies in the ambiguity of the words
11        "extraordinary" and "abnormal." These terms could be interpreted as meaning either: A.
         Unforeseeable (unpredictable, statistically extremely improbable, etc.); or B. Outside the
12        scope of that which would be done by ordinary man. The instruction was correct if
         interpreted in sense A, since defendant's conduct would not in fact give rise to liability if
13        the criminal act were unforeseeable. However, the instruction was incorrect if interpreted
         in sense B. Such an interpretation would almost invariably preclude liability for failure to
14        police against criminal conduct, since there are very few situations indeed to which
15        ordinary men would respond by committing serious criminal offenses.

16         *Id.* at 807 (1970).

17        Here, Defendant Sunbelt's involvement was limited to dropping off the rented dump truck

18   at the job site, which it did not own or have the responsibility of securing, and that act could not

19   have reasonably and foreseeably led to the chain of events that ultimately led to Decedent's death

20   or any of the subsequent accidents that occurred that evening. Defendant Sunbelt had no other

21   involvement with the job DC Solar rented the dump truck for, Defendant Sunbelt was not

22   responsible for securing a job site it did not own, and was not responsible for securing a truck it

23   was not in possession of. Given that Defendant Sunbelt had so little to do with the job and had no

24   hand in securing the site, let alone any knowledge of the site itself, there is no evidence that

25   Defendant Sunbelt could have foreseen the third-party criminal conduct that occurred after the

26   truck was left at the job site in DC Solar's possession.

27        Particularly, there is no evidence to state exactly when the dump truck was stolen from the

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS,
INC. FOR SUMMARY JUDGMENT**

job site, aside from it appearing in the freeway much later that evening. There is also a lack of evidence as to when the truck was ultimately abandoned and how long after that abandonment Decedent's death occurred. In any event, all of these events happened so long after the truck was initially dropped off at the job site on September 1, 2020, it is difficult to conclude that Defendant Sunbelt's conduct had any sliver of association with the events that followed.

In *Brewer v. Teano* 40 Cal.App.4th 1024, 1031 (1995) , the court emphasized:

> "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." If the cause is superseding, it relieves the actor from liability whether or not that person's negligence was a substantial factor in bringing about the harm.

Here, the unforeseeability of an unidentified third party's criminal conduct relieves Defendant Sunbelt of its liability. Specifically, there are too many variables that contributed to the ultimate fatality of the decedent between the time that the truck was dropped off by Defendant Sunbelt and when the collision and ultimately fatality of the decedent occurred. This is analogous to *Steinle v. United States,* 17 F.4th 819, 819-821 (2021), where a perpetrator fired a handgun belonging to a Bureau of Land Management Ranger that was found wrapped in a rag on a bench, striking the Plaintiff, who died from her injuries. The handgun was allegedly stolen from the ranger's vehicle four days earlier. *Id*. Regarding *Steinle,* the Ninth Circuit affirmed the District Court's decision to enter summary judgment in favor of the United States, "ruling that [the Ranger in question that the gun belonged to] owed no duty to [Plaintiff] under California law and that [his] actions were not a proximate cause of her death." *Id.*  The Court held:

> …[T]he connection between Woychowski's storage of the pistol in his vehicle and Ms. Steinle's death *is so remote that, as a matter of law, Woychowski's acts were not the proximate or  legal cause of the fatal incident*. Several events—*many of which remain unknown*—intervened after Woychowski left the loaded pistol in his vehicle: (1) someone broke into the locked vehicle; (2) someone stole a seemingly innocuous backpack; (3) someone found a pistol in that backpack; (4) someone removed the pistol from its holster, then wrapped it in a cloth and abandoned or lost it a half-mile away; (5) Lopez-Sanchez picked up the  firearm, four days later, and fired it, apparently aimlessly; and (6) the bullet ricocheted off  the ground and struck Ms. Steinle.

*Id.* at 822 (emphasis added).

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

The Court posits a scenario that is starkly similar to the one at issue here – the question remains as to when the truck was stolen off the job site, how and by whom, why it was abandoned in the freeway lane, and how it got there. Instead, the logical leaps required to establish a timeline fail to demonstrate causation on the part of Defendant Sunbelt.

The court in *Steinle* pointed to a decision of the California Court of Appeal that reached a similar conclusion. In *Shih v. Starbucks Corp.*,  53 Cal. App 5th 1063 (2020), the plaintiff sued Starbucks after spilling a cup of hot tea and suffering severe burns. While she alleged that the cup was defective, a number of other "mishaps" (per *Steinle*, 17 F.4th at 823) occurred, including the plaintiff walking to a table with the drink, putting down the drink, removing the lid, bending over the table, pushing out her chair, losing her balance, grabbing the table to avoid falling, and knowing her drink off the table. *Id.* at 1070).

The *Shih* court stated:

[Plaintiff] argues that "[B]ut for" the fact the cup was "too hot and too full" to hold[,]…Shih would not have "attempt[ed] to sip the water from the cup" in the manner she did. Instead, Shih presumably would have raised the cup to her mouth, and therefore would not have leaned forward, would not have moved the chair out from under her, would not have lost her balance, would not have grabbed the table, and would not have knocked her cup off the table and spilled hot tea on herself.

*But that's a lot of "would not haves,"* and because of that the alleged defects in the drink were *too remotely connected* with [Shih's] injuries to constitute their legal cause.

*Id*. at 1068-69 (emphasis added).

Similarly, in *Wawanesa Mut. Ins. Co. v. Matlock* , 60 Cal.App.4th 583 (1997), the California Court of Appeal rejected the contention that a "Rube Goldbergesque system of fortuitous linkages" could adequately accumulate to constitute proximate cause in particular. *Id*. at 588. In that case*,* a minor bought two packs of cigarettes and gave one to another minor. *Id*. at 585. The two then trespassed onto a private storage facility that had stacked telephone poles on site. *Id.* While the other minor smoked, a third minor ran into him, causing him to drop the cigarette, which set fire to the poles. *Id.* Though the company that owned the poles sued the cigarette-purchasing minor for negligence, the Court of Appeal declined to find proximate cause, holding, "[T]he concatenation between [the minor's] initial act of giving [the friend] a packet of cigarettes

and the later fire is simply too attenuated to show the fire was reasonably within the scope of the risk created by the initial act." *Id.* at 588 (emphasis omitted). As noted by *Steinle,* referencing *Wawanesa,* "There was '*simply too much fortuity in the chain.*'" *Steinle,* 17 F.4th at 823 citing *Wawanesa* at 589 (emphasis added).

Taking into consideration the cases above, the Court in *Steinle* noted that there were too many "what-ifs" that broke the chain of causation between the defendants and plaintiff's harm. In *Wawanesa,* it was the "unanticipated 'but-fors'" that damaged the plaintiff's property. In *Shih,* it was the "quickly-sequenced mishaps between the design of the Starbucks cup and the serious burns suffered by the Plaintiff." In the *Steinle* decision itself, the plaintiff's death "[had] only a tenuous connection to Woychowski's storage of the pistol; the criminal and negligent actions of at least two other people intervened between those two events." *Steinle*, 17 F.4th at 823-824.

Here, too, there are too many unaccounted-for, unknown, and intervening factors that make it difficult to trace back any proximate cause to Defendant Sunbelt between the time the truck was dropped off and almost five days later, when the collision that resulted in the death of Decedent occurred. This is merely another cause of a tenuous connection that is too remote to establish causation when an unidentified perpetrator and even Decedent's own possible negligence were intervening and superseding factors.

### D.    ALTERNATIVELY, IF LIABILITY IS FOUND ON PART OF SUNBELT RENTALS, INC. DAMAGES ARE LIMITED TO $15,000.00

In the case that any liability is found on part of Defendant Sunbelt, either through causation or duty, Defendant Sunbelt maintains that any liability it has to Plaintiff in this matter is limited by California law, specifically California Vehicle Code section 17151(a), which provides:

> The liability of an owner, bailee of an owner, or personal representative of a decedent imposed by this chapter and not arising through the relationship of principal and agent or master and servant *is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident* and, subject to the limit as to one person, is limited to the amount of thirty thousand dollars ($30,000) for the death of or injury to more than one person in any one accident and is limited to the amount of five thousand dollars ($5,000) for damage to property of others in any one accident.

(emphasis added)

Case No. 3:22-cv-05954-AMO

NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT

MANNING | KASS

1       As such, in the event that there is liability against Defendant Sunbelt as an owner of the

2 subject rented vehicle, it is only liable for damages only in the amount of $15,000, especially in

3 light of the fact there is no such relationship in this case such as the ones aforementioned in the

4 California Vehicle Code.

5 **VI.**    <u>**CONCLUSION**</u>

6       There has yet to be any substantive evidence that can succinctly pinpoint when and where

7 and if those events actually happened. What remains undisputed, proven, and true is that beyond

8 Defendant Sunbelt dropping off the dump truck on September 1, 2020, is that it had no other

9 involvement with the job site or the truck itself. In this case, Defendant Sunbelt merely rented the

10 piece of equipment to DC Solar, after which it did nothing else.

11       Foreseeability is not limitless. "An act must be sufficiently likely before it may be

12 foreseeable in the legal sense. That does not mean simply imaginable or conceivable. Given

13 enough imagination, everything is foreseeable. To paraphrase Justice Eagleson, with apologies to

14 Bernard Witkin, on a clear judicial day, you can foresee forever." *Jefferson v. Qwik Corner*

15 *Market, Inc.*, 28 Cal.App.4th 990, 996 (1994) (citing *Thing v. La Chusa*, 48 Cal.3d 644, 668

16 (1989) ). Perhaps here the other parties may ask the court to "foresee forever," but to do so would

17 be misguided. Rather, in this case, there is a limit to the conduct Defendant Sunbelt could foresee

18 and that foreseeability does not go beyond its renting of the vehicle to DC Solar on September 1,

19 2020.

20       Furthermore, there is a large pool of "what-aboutisms" to choose from, with a number of

21 unknown factors and unidentified actors and perpetrators, but what remains clear is that those

22 intervening and superseding events and actors all cumulate to break the chain of causation

23 between Defendant Sunbelt and Decedent's accident. "To simply say . . . that the defendant's

24 conduct was a necessary antecedent of the injury does not resolve the question of whether the

25 defendant should be liable." *PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 315

26 (1999) . "'However the test is phrased, causation in fact is ultimately a matter of probability and

27 common sense.'" *Osborn v. Irwin Memorial Blood Bank* (1992) 5 Cal.App.4th 234, 253.

28       As such, for the reasons set forth above, Defendant Sunbelt respectfully requests that the

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

1   Court grant its motion for summary judgment.

2

3   DATED:  May 7, 2024                **MANNING & KASS**

4                                      **ELLROD, RAMIREZ, TRESTER LLP**

5

6   By:   _____

7         David V. Roth

8         Riane Briones
          Attorneys for Defendant, SUNBELT RENTALS,
          INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS,
INC. FOR SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is One California St., Ste 900, San Francisco, CA 94111.

On May 7, 2024, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2024, at San Francisco, California.

_____
Deborah Billingsley

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS, INC. FOR SUMMARY JUDGMENT**

**SERVICE LIST**
**Rhayna Rose Jones, et al. v. Sunbelt Rentals, Inc., et al.**
**Case No. 3:22-cv-0594-AMO**

1

2

3  | Austin Ward, Esq. | ATTORNEYS for Plaintiffs, RHAYNA ROSE

Austin Ward, Esq.
Saad B. Sweilem, Esq.
Adamson Ahdoot LLP
1150 S. Robertson Blvd.
Los Angeles, CA 90035
Tel: (310) 888-0024
Fax: (888) 895-4665
Emails: austin@aa-llp.com
Saad@aa.law
cesar@aa.law
Juan@aa.law

ATTORNEYS for Plaintiffs, RHAYNA ROSE
JONES; JACOBY JONES, JR., by and through
his Guardian Ad Litem, JERMINE
GENOCHIO; RYAN JONES, by and through
his Guardian Ad Litem, LARHONDA
REDDIC; and JADE JONES by and through
her Guardian Ad Litem JAZALEN
DAUMUAS; as heirs of JACOBY JONES,
Deceased

Jeffrey Vucinich, Esq.
Kevin Larson, Esq.
Clapp, Moroney, Vucinich, Beeman and
Scheley
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Tel: (650) 989-5400
Fax: (650) 989-5499
Emails: jvucinich@clappmoroney.com
klarson@clappmoroney.com
dmarcus@clappmoroney.com

ATTORNEYS for Defendant, DC SOLAR,
INC./DCG, LLC

**NOTICE OF MOTION AND MOTION OF DEFENDANT/CROSS-DEFENDANT SUNBELT RENTALS,
INC. FOR SUMMARY JUDGMENT**