UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHAYNA ROSE JONES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUNBELT RENTALS, INC., et al., <br><br> Defendants. | Case No. 22-cv-05954-AMO <br><br> **ORDER DENYING STIPULATION RE EXPERT DISCOVERY SCHEDULE** <br><br> Re: Dkt. No. 153 |

Before the Court is the parties' stipulation to extend the expert discovery schedule in this case. ECF 153. The stipulation is **DENIED** for the following reasons. First, the stipulation is untimely to the extent it seeks to extend the deadline for initial expert disclosures and reports. That deadline is today. *See* ECF 130. Any request to extend that deadline was due by May 27, 2024. *See* Standing Order for Civil Cases ¶ D.2. The instant stipulated request, however, was not filed until May 31, 2024, the Friday before the Monday expert disclosure deadline.

Second, the stipulation does not establish good cause for extending any of the existing expert discovery deadlines. The stipulation states that, "[w]ith fact discovery only recently completed, the parties are in the initial stages of preparing for expert discovery." ECF 153 at 1. The declaration in support of the stipulation provides that:

> The parties have recently completed fact discovery in this matter and are in the process of litigating a motion for summary judgment brought by Defendant Sunbelt Rentals. The parties have all met and conferred about expert disclosure and agree that the parties require additional time to retain experts before disclosure is to be completed. The parties have each conferred with their experts and have been informed that the experts require additional time to prepare reports for disclosure. Further, the parties also require additional time because they are still conferring with experts that they may retain, who will also need to provide reports if they are ultimately retained. This new scheduling order will also avoid

> having expert discovery conflicting with the current
> schedule for Defendant Sunbelt's Motion for Summary Judgment,
> which will be completed by June 11, 2024.

ECF 153-1 at 2.  Waiting until the last minute to complete fact discovery and putting off all expert discovery until then is not good cause.[1]  This case has been pending in this Court since October 11, 2022.  ECF 1.  The first case management scheduling order set this case for trial on April 8, 2024, with fact discovery closing on September 8, 2023, and expert discovery closing on October 20, 2023.  ECF 30.  Since that scheduling order was issued, the case schedule has been extended three times at the request of the parties.  *See* ECF 50, 51, 112, 113, 129, 130.  At the time the current schedule was set, the parties were on notice that the new deadlines were firm: "[t]he parties should proceed with private mediation with the expectation that if the case does not settle, they will move forward on the schedule set forth below."  ECF 130 at 1.  Since that time, despite the opportunity to do so in numerous filings and at multiple discovery hearings, the parties never informed the Court that they would require an adjustment of the expert discovery schedule.  In fact, the parties represented that they were on track in the status report filed on May 20, 2024, which reads:

> On May 20, 2024, all counsel for all parties met and
> conferred via Zoom teleconference as ordered by the court.  Lead
> counsel for Plaintiff, Saad Sweilem; Defendant Sunbelt Rentals,
> Inc., David Roth; and Defendant DC Solar Inc., Jeffrey Vucinich,
> were all present.  Prior to this teleconference, all counsel exchanged
> emails to discuss the substance of this status report and the status of
> expert discovery.  Additionally, counsel for Sunbelt Rentals, Inc.,
> Riane Briones, and DC Solar Inc., Daniel Marcus, were also present.
> At present, all parties are still in the process of meeting and
> conferring regarding expert discovery, including discussing dates for
> expert depositions and the availability of all parties to appear for
> those depositions.  All parties are currently in conference with their
> respective retained experts regarding availability for these
> depositions.  Per parties' discussions, each party anticipates having
> 3-4 experts.  At present, all parties can confirm that their respective
> experts will be made available prior to the close of expert discovery

---

[1] While the Court acknowledges that the parties' dispositive motion briefing schedule runs concurrently with expert discovery, the parties were aware of their expert discovery deadlines when they submitted their stipulation, on May 15, 2024, to extend the briefing schedule.  ECF 151.  The declaration in support of that stipulation indicated that "Plaintiff's experts . . . need additional time to prepare declarations in support of Plaintiff's response to the motion."  ECF 150-1 at 3.  It did not indicate, as does the current stipulation and supporting declaration, that no expert discovery had been conducted.

2

>     on July 8, 2024.
>         As discussed, on the date for expert disclosures and reports, June 3, 2024, all parties will provide dates for their respective experts so those depositions may be conducted forthwith.

ECF 152 at 1-2.

Accordingly, the parties' stipulation is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 3, 2024

    _____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**